UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MASHPEE WAMPANOAG TRIBE,<br><br>       Plaintiff,<br>v.<br><br>RYAN ZINKE, in his official capacity as Secretary of the Interior,<br><br>       and<br><br>U.S. DEPARTMENT OF THE INTERIOR<br><br>       Defendants<br>       and<br><br>DAVID LITTLEFIELD et al.,<br><br>       Proposed Intervenor-Defendants. | Civil Action No. 1:18-cv-02242-RMC |

## DECLARATION OF DAVID H. TENNANT

I, David H. Tennant, hereby declare as follows:

1. I am counsel of record for twenty-five citizens of the City of Taunton, Bristol County, Massachusetts, who successfully sued the Department of Interior as reported in *Littlefield v. Department of the Interior*, 199 F. Supp. 3d 391 (D. Mass. 2016). That action overturned the Secretary of Interior's September 2015 decision to take land into trust for the Mashpee Wampanoag Tribe ("Tribe")—the Plaintiff in this action. (For convenience, a copy of the reported decision in *Littlefield* is attached as Exhibit 1.)

2. Attached as Exhibit 2 is a true and correct copy of the Amended Complaint for Declaratory and Injunctive Relief filed in *Littlefield*.

1

3. The Secretary of Interior's September 2015 decision purported to take 151 acres of land into trust in the City of Taunton, more particularly, an area located in East Taunton that was developed as a garden-style, low-rise, warehouse complex, on which the Tribe plans to construct a billion-dollar casino/resort.

4. The *Littlefield* Plaintiffs are homeowners and long-time residents of East Taunton who live next to or near the purported trust land. They are directly impacted by the actual and proposed development of the land and would be substantially harmed by the Tribe's construction and operation of its planned casino-resort on that property. (*See* Exhibit 2 at ¶¶ 1-4.)

5. I make this declaration in support of the *Littlefield* Plaintiffs' motion to intervene in the Tribe's lawsuit against Interior, by which the Tribe seeks to overturn Interior's September 7, 2018 decision—on remand from *Littlefield*. In its 2018 decision on remand, Interior concluded that the Secretary of Interior lacks authority to take the land into trust because the Tribe was not under federal jurisdiction in 1934, as required by the Indian Reorganization Act of 1934 ("IRA"). Accordingly, Interior rejected the Tribe's application to have the 151 acres in East Taunton, Massachusetts held in trust for the Tribe under the IRA. (A true and correct copy of Interior's September 7, 2018 decision on remand from *Littlefield* is attached as part of Exhibit 3 to this declaration, which is an October 9, 2018 filing in the U.S. Court of Appeals for the First Circuit entitled Plaintiff-Appellants' Opposition to Intervenors-Defendant-Appellant's Further Request for a Stay.)

6. The *Littlefield* action challenging Interior's September 2015 decision, and the Tribe's present action challenging Interior's September 2018 decision, represent two sides of the same coin. Both lawsuits pertain to the same 151-acre parcel in East Taunton and present the same core legal question: Whether the Tribe satisfies the definition of "Indian" contained in Section 479 of the IRA. The district court in *Littlefield* held that the Tribe did not qualify under the statute's so-called

"second definition" of "Indian." Interior concluded, on remand, that the Tribe did not qualify under the statute's so-called "first definition."

7. The Tribe's lawsuit challenging Interior's decision on remand, if successful, would effectively erase the *Littlefield* Plaintiffs' judgment against Interior and inflict the very harm that the *Littlefield* Plaintiffs sought to avoid by suing to overturn Interior's 2015 decision.

The Tribe's Intervention in *Littlefield*

8. The Tribe intervened as a defendant in *Littlefield* after the district court rendered its decision against Interior. The Tribe appealed the adverse judgment to the First Circuit in December 2016, where it remains pending. The Federal Defendants in *Littlefield* filed a "prophylactic" notice of appeal but voluntarily dismissed the appeal in April 2017. The judgment of the district court in *Littlefield* is final as to the Federal Defendants.

9. At the request of the Tribe, the First Circuit has not addressed the Tribe's appeal for more than two years. The Tribe initially asked for a delay to allow Interior to determine, on remand from *Littlefield*, whether the Secretary of the Interior has authority to take land into trust under the "first definition" of "Indian" and its requirement that the tribe demonstrate that it was under federal jurisdiction in 1934. After Interior issued its long-awaited ruling on remand on September 7, 2018, the Tribe requested that the First Circuit take no action on its appeal until the Tribe's present lawsuit against Interior is finally decided. The *Littlefield* Plaintiffs opposed that request. (Exhibit 3 at 1-8.) The First Circuit has yet to rule.

### Whether Representation by the Federal Defendants is Adequate

10. The Federal Defendants in *Littlefield* engaged in dilatory conduct that included unnecessarily prolonging that lawsuit by slow and incomplete production of the administrative record (requiring judicial intervention) and resisting efforts to streamline the litigation to address the narrow, dispositive legal issue concerning the Secretary's statutory authority to take land into trust for the Tribe—which could be addressed through immediate cross-motions for summary judgment applying the Supreme Court's decision in *Carcieri v. Salazar*, 555 U.S. 379 (2009). The Federal Defendants objected to proceeding in any expedited manner even as the Tribe broke ground on the "trust land" to begin construction of its casino. The government only relented and signed a stipulation to permit an immediate "trial" on the *Carcieri* issue because it could not meet the court's production deadline for the administrative record.

11. On remand, Interior took what was objectively a straight-forward inquiry that called for Interior to apply familiar legal principles to the Tribe's well documented history and turned it into 18 months of unnecessary briefing and delays. Interior did this to benefit the Tribe by putting off as long as it could the negative decision that finally came September 7, 2018. See Exhibit 4 at pp. 2-4.

12. Counsel for the *Littlefield* Plaintiffs sought intervention by the district court to prompt a decision by Interior. Attached as Exhibit 4 is a true and correct copy of the parties' joint submission to the district court regarding the then-continuing remand in *Littlefield*, designated as Notice of Plaintiffs' Request for Status Conference and Federal Defendants' / Defendant-Intervenor's Opposition, dated March 19, 2018. In that filing, the *Littlefield* Plaintiffs detailed the federal government's dilatory conduct on remand. (Exhibit 4 at pp. 2-6.)

13. Interior then took another six months to issue its decision.

14.     Interior's behavior in *Littlefield*, both in court and on remand, is a manifestation of the agency's institutional bias favoring tribes.  That behavior demonstrates that the Secretary will bend over backwards to advance tribal interests in litigation and may behave unconventionally—unlike a traditional litigant with normal motives—when facing a lawsuit brought by a tribe.

15.     In one case involving the Mishewal Wappo Tribe of Alexander Valley, the tribe sued the federal government to acquire trust lands in Napa and Sonoma Counties in California.  Interior withheld a clearly dispositive statute of limitations defense so as not to dismiss the tribe's lawsuit—even though a normally motivated defendant would have asserted the defense at the outset of the litigation to speed resolution.  The tribe's action (filed in 2009) was time-barred under the applicable six-year statute of limitations by more than 40 years.  It took intervening-defendants (the Counties) to raise and press the statute of limitations defense before Interior acted on it.  *See Mishewal Wappo Tribe of Alexander Valley v. Salazar*, No. 5:09-cv-02502, 2011 WL 5038356 (N.D. Cal. Oct. 24, 2011).  The tribe's lawsuit against Interior ultimately was dismissed based on the untimeliness of the tribe's claims.  *See Mishewal Wappo Tribe of Alexander Valley v. Zinke*, 688 F. App'x 480 (9th Cir. 2017).

Specialized Knowledge and Expertise

16.     The *Littlefield* Plaintiffs possess particularized knowledge of the Tribe and its history in Massachusetts—why it is not eligible under the IRA—having extensively researched the Tribe's history over years of public hearings relating to the Tribe's applications for trust land in Southeastern Massachusetts, as well as through research to assist counsel in briefing issues for Interior on remand.

17.     Undersigned counsel has extensive experience in Indian law generally and specifically with respect to challenges to land-into-trust decisions.  This experience includes serving as counsel of record for Madison County and Oneida County (New York) in connection with litigation

challenging Interior's decision to take into trust more than 13,000 acres in central New York for the benefit of the Oneida Indian Nation of New York.

18.  Based on the foregoing, the *Littlefield* Plaintiffs respectfully request that their motion to intervene be granted to enable them to protect their interests in this litigation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of February, 2019.

/s/ David H. Tennant
DAVID H. TENNANT
Law Office of David Tennant PLLC
3349 Monroe Avenue, Suite 345
Rochester, NY 14618
Tel.: 585.708.9338
*david.tennant@appellatezealot.com*