**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MASHPEE WAMPANOAG TRIBE, | |
| Plaintiffs, | |
| v. | Case No. 1:18-cv-2242-RMC |
| DAVID L. BERNHARDT, in his official capacity as Acting Secretary of the Interior, and UNITED STATES DEPARTMENT OF THE INTERIOR, | |
| Defendants. | |

**FEDERAL DEFENDANTS' ANSWER**

Defendants David L. Bernhardt, Acting Secretary of the Department of the Interior, and the United States Department of the Interior (Department) (together, Federal Defendants), state the following in response to Plaintiff Mashpee Wampanoag Tribe's Complaint filed on September 27, 2018 (ECF No. 1). Except as expressly admitted, all allegations are denied. Responses in the numbered paragraphs of this Answer are to the allegations in the corresponding numbered paragraphs and sections of the Complaint. The topic headings used below are duplicated from the Complaint and are inserted for ease of reference. Use of these topic headings below does not constitute an admission or acknowledgement by Federal Defendants of the headings' relevance or accuracy.

**COMPLAINT**

1.      The allegations in Paragraph 1 characterize Plaintiff's action and contain legal conclusions, and no response is required. To the extent a response is required, Federal Defendants deny the allegations except only that Federal Defendants admit that on September 7, 2018, Assistant Secretary-Indian Affairs Tara Sweeny issued a determination that Plaintiff was

not "under federal jurisdiction" in 1934 within the meaning of Section 19 of the Indian

Reorganization Act (IRA), 25 U.S.C. § 5129 (Remand Decision).

2.      The allegations in Paragraph 2 consist of legal conclusions and characterize the

Remand Decision, which speaks for itself, and is the best evidence of its contents. To the extent

a response is required, Federal Defendants deny the legal conclusions and deny any allegations

contrary to the plain language and meaning of the Remand Decision.

3.      The first of sentence of Paragraph 3 characterizes the IRA, Pub. L. 73-383, 48

Stat. 984, which speaks for itself, and is the best evidence of its contents. To the extent a

response is required, Federal Defendants deny any allegations contrary to the statute's plain

language and meaning. The second and third sentences of Paragraph 3 characterize a judicial

opinion cited as *Carcieri v. Salazar*, 555 U.S. 379 (2009), which speaks for itself, and is the best

evidence of its contents. Federal Defendants deny any allegations inconsistent with the cited

opinion. The fourth sentence of Paragraph 3 contains legal conclusions, and no response is

required. To the extent a response is required, Federal Defendants deny the allegations.

4.      The allegations in Paragraph 4 characterize Plaintiff's action and contain legal

conclusions, and no response is required. To the extent a response is required, Federal

Defendants deny the allegations.

## NATURE OF THE ACTION

5.      The allegations in Paragraph 5 constitute Plaintiff's requests for relief and legal

conclusions, and no response is required. To the extent a response is required, Federal

Defendants deny the allegations and deny that Plaintiff is entitled to any relief whatsoever.

6.      Federal Defendants deny the allegations.

## PARTIES

7.      Federal Defendants deny the allegations in Paragraph 7 except only that Federal Defendants admit the Mashpee Wampanoag Tribe is a federally recognized Indian tribe.

8.      Federal Defendants admit the allegations in the first, second, third, and fourth sentences of Paragraph 8 except that Federal Defendants state that Ryan Zinke, former Secretary of the Interior, has been replaced by David L. Bernhardt as the Acting Secretary of the Interior, and is automatically substituted for Mr. Zinke pursuant to Fed.R.Civ.P. 25(d)(1). The fifth and sixth sentences of Paragraph 8 contain legal conclusions, and no response is required. To the extent a response is required, Federal Defendants deny the allegations.

9.      Federal Defendants admit the first, third, and fourth sentences of Paragraph 9. The second sentence of Paragraph 9 contains legal conclusions, and no response is required. To the extent a response is required, Federal Defendants deny the allegations.

## JURISDICTION AND VENUE

10.     The allegations in the first sentence of Paragraph 10 consist of legal conclusions, and no response is required. To the extent a response is required, Federal Defendants deny the allegations.

11.     The allegations in Paragraph 11 characterize Plaintiff's action and contain legal conclusions, and no response is required. To the extent a response is required, Federal Defendants deny the allegations.

12.     The allegations in Paragraph 12 consist of legal conclusions and Plaintiff's statements of venue, and no response is required. To the extent a response is required, Federal Defendants deny the allegations.

## STATUTORY AND REGULATORY BACKGROUND

13.     Paragraph 13 characterizes the IRA, its legislative history, and Felix S. Cohen's Handbook of Federal Indian Law (1942), which speak for themselves, and are the best evidence of their contents.  To the extent a response is required, Federal Defendants deny any allegations contrary to the plain language and meaning of the cited statute, legislative history, and text.

14.     Paragraph 14 characterizes the IRA, which speaks for itself, and is the best evidence of its contents.  To the extent a response is required, Federal Defendants deny any allegations contrary to the statute's plain language and meaning.

15.     The first sentence of Paragraph 15 characterizes a judicial opinion cited as *Carcieri v. Salazar*, 555 U.S. 379 (2009), which speaks for itself, and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the cited opinion.  The remainder of Paragraph 15 characterizes 25 U.S.C. § 5129, which speaks for itself, and is the best evidence of its contents.  To the extent a response is required, Federal Defendants deny any allegations contrary to the statute's plain language and meaning.

16.     Paragraph 16 characterizes a judicial opinion cited as *Carcieri v. Salazar*, 555 U.S. 379 (2009), which speaks for itself, and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the cited opinion.

17.     Federal Defendants admit the allegations in the first sentence of Paragraph 17, and aver that on March 12, 2014, the Department's Solicitor issued formal legal guidance interpreting Section 19 of the IRA in the form of a signed M-Opinion titled "M-37029, Memorandum on the Meaning of Under Federal Jurisdiction for Purposes of the Indian Reorganization Act" (M-37029).  The remaining allegations in Paragraph 17 characterize M-37029, which speaks for itself, and is the best evidence of its contents.  To the extent a response

is required, Federal Defendants deny any allegations contrary to the plain language and meaning of M-37029.

18.      Federal Defendants are without knowledge or information sufficient to admit the allegations in Paragraph 18 and they are denied on that basis.

19.      Federal Defendants are without knowledge or information sufficient to admit the allegations in Paragraph 19 and they are denied on that basis.

20.      Paragraph 20 characterizes the judicial opinions cited as *Cobell v. Norton*, 240 F.3d 1081 (D.C. Cir. 2001), *Muscogee (Creek) Nation v. Hodel*, 851 F.2d 1439 (D.C. Cir. 1988), and *Montana v. Blackfeet Tribe of Indians*, 471 U.S. 759 (1985), which speak for themselves, and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the cited opinions.

## PROCEDURAL BACKGROUND

21.      Federal Defendants deny the allegations in Paragraph 21 except that Federal Defendants admit only that Plaintiff has occupied what is now southeastern Massachusetts since first sustained contact with Europeans.

22.      Federal Defendants deny the allegations in Paragraph 22, but Federal Defendants aver that in 2007 the Tribe submitted applications to the Department pursuant to Section 5 of the IRA seeking to acquire in trust approximately 530-acres of land in Middleborough, Massachusetts and approximately 170-acres of land in Mashpee, Massachusetts (Application). Federal Defendants aver that Plaintiff revised its Application in 2010 to add another parcel in Fall River, Massachusetts to the Application.  Federal Defendants further aver that in 2012 Plaintiff amended the Application to remove the Middleborough and Fall River parcels and to add an approximately 150-acre parcel in Taunton, Massachusetts instead.

23.     Federal Defendants are without knowledge or information sufficient to admit the allegations in Paragraph 23 and they are denied on that basis, except that Federal Defendants aver that the proposed use of the parcels is included in the Application and Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Application.

24.     Federal Defendants admit the allegations.

25.     Paragraph 25 characterizes the complaint and amended complaint filed in *Littlefield, et al. v. U.S. Dep't of the Interior,* Case No. 16-CV-10184 (D. Mass. 2016) (ECF Nos. 1, 12), which speaks for themselves, and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the pleadings.

26.     Paragraph 26 characterizes the Memorandum & Order issued on July 28, 2016 in *Littlefield, et al. v. U.S. Dep't of the Interior,* Case No. 16-CV-10184 (D. Mass. 2016) (ECF No. 87) (July 28, 2016 Order), which speaks for itself, and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language and meaning of the July 28, 2016 Order. Federal Defendants also aver that on October 12, 2016, the district court issued an order clarifying the July 28, 2016 Order. *See Littlefield, et al. v. U.S. Dep't of the Interior,* Case No. 16-CV-10184 (D. Mass. 2016) (ECF No. 121) (October 12, 2016 Order).

27.     Federal Defendants deny the allegations in Paragraph 27, but aver that on December 8, 2016, Federal Defendants filed a notice of appeal from the July 28, 2016 Order and the October 12, 2016 Order. *See Littlefield, et al. v. U.S. Dep't of the Interior,* Case No. 16-CV-10184 (D. Mass. 2016) (ECF No. 131). Federal Defendants aver that Plaintiff filed a separate notice of appeal from the July 28, 2016 Order and October 12, 2016 Order on December 8, 2016. *See id.* (ECF No. 132). Federal Defendants further aver that on April 27, 2017, Federal

Defendants moved to voluntarily dismiss of their appeal; the U.S. Court of Appeals for the First Circuit granted this request on May 8, 2017. *See id*. (ECF No. 138).

28. Federal Defendants admit the allegations.

29. Federal Defendants deny the allegations in the first sentence of Paragraph 29, but aver on December 21, 2016 and January 5, 2017, Plaintiff submitted to the Department evidence and argument in an attempt to demonstrate that the Tribe was under federal jurisdiction and therefore eligible to have land acquired in trust. Federal Defendants admit the allegations in the second sentence in Paragraph 29.

30. Federal Defendants deny the allegations in Paragraph 30.

31. Federal Defendants deny the allegations in Paragraph 31, but aver that supplemental evidence and arguments were submitted pertaining to the question of the unique historical relationship of the Commonwealth of Massachusetts with Plaintiff and the United States.

32. Federal Defendants deny the allegations in Paragraph 32, but Federal Defendants aver that they approved a request by the Wampanoag Tribe of Gay Head (Aquinnah), dated July 28, 2017, to participate in the supplemental briefing. Federal Defendants aver that the Department further permitted the parties to respond to any submission by Aquinnah. Federal Defendants also aver that Aquinnah submitted arguments and evidence to the Department on October 30, 2017, to which the parties responded by submissions, dated November 14, 2017.

33. Federal Defendants deny the allegations in Paragraph 33 except only that Federal Defendants admit the Department issued the Remand Decision on September 7, 2018.

## FACTUAL BACKGROUND

34. Federal Defendants deny the allegations.

Protection, Control, and Management of Indian Lands and Natural Resources

35.     Federal Defendants deny the allegations in the first sentence of Paragraph 35, but aver that the Department recognizes the Wampanoag Indians, of which Plaintiff is a subcomponent, have a long history in southeastern Massachusetts dating before European contact in the 17th-century. Federal Defendants deny the remaining allegations.

36.     Federal Defendants deny the allegations.

37.     Federal Defendants deny the allegations in the first sentence of Paragraph 37, but aver that in 1820 the Rev. Jedidiah Morse prepared a report to the Secretary of War on Indian affairs within the United States (Morse Report). The allegations in the second sentence of Paragraph 37 characterize the Morse Report, which speaks for itself, and is the best evidence of its contents. To the extent a response is required, Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Morse Report.

38.     The first sentence of Paragraph 38 characterizes the Morse Report, which speaks for itself, and is the best evidence of its contents. To the extent a response is required, Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Morse Report. Federal Defendants deny the remaining allegations.

39.     Federal Defendants deny the allegations. Federal Defendants also aver that the Department acknowledged that Plaintiff had significant relations with the Colony and Commonwealth of Massachusetts for nearly two centuries.

40.     The allegations in Paragraph 40 consist of legal conclusions and characterize a title report prepared for condemnation proceedings brought by the U.S. Department of the Navy in the late 1940s, which speaks for itself, and is the best evidence of its contents. To the extent

that a response is required, Federal Defendants deny the legal conclusions and deny any allegations contrary to the plain language and meaning of the title report.

41.    Federal Defendants deny the allegations.

### Federal and Indian Office Census Rolls

42.    Federal Defendants deny the allegations.

43.    The first sentence of Paragraph 43 characterizes the 1884 Appropriations Act, 23 Stat. 76, 98 (Jul. 4, 1884), which speaks for itself, and is the best evidence of its contents. To the extent a response is required, Federal Defendants deny any allegations contrary to the plain language and meaning of the statute. Federal Defendants deny the allegations in the second sentence of Paragraph 43.

44.    Federal Defendants deny the allegations.

45.    Federal Defendants deny the allegations.

46.    Federal Defendants deny the allegations.

### Federal Officials Acknowledging/Exerting Federal Authority Over Tribe

47.    Federal Defendants deny the allegations in the first sentence of Paragraph 47. The remaining allegations of Paragraph 47 characterize correspondence, charts, and reports, which speak for themselves, and are the best evidence of their contents. To the extent a response is required, Federal Defendants deny any allegations contrary to the plain language and meaning of the cited documents.

48.    Federal Defendants deny the allegations.

49.    Federal Defendants deny the allegations.

50.    Federal Defendants deny the allegations.

Tribal Members Attending Federal Indian School/Federal Education Funding

51.     Federal Defendants deny the allegations in the first sentence of Paragraph 51.

The remainder of Paragraph 51 characterizes a General Accounting Office report, which speaks

for itself, and is the best evidence of its contents. Federal Defendants deny any allegations

inconsistent with the plain language and meaning of the report.

52.     Federal Defendants deny the allegations.

53.     Federal Defendants deny the allegations.

54.     Federal Defendants deny the allegations.

Federal Indian Affairs Officials Managing Funds as Trustee for Tribal Members

55.     Federal Defendants deny the allegations in the first and second sentences of

Paragraph 55. Federal Defendants are without knowledge or information sufficient to admit the

allegations in the third and fourth sentences of Paragraph 55 and they are denied on that basis.

56.     Federal Defendants deny the allegations.

Federal Indian Affairs Officials Providing Health Care to Tribal Members

57.     Federal Defendants deny the allegations.

58.     Federal Defendants deny the allegations.

Federal Indian Affairs Officials Providing Social Services
(Job Placement and Training) to Tribal Members

59.     Federal Defendants deny the allegations in Paragraph 59 but aver that that the

Office of Indian Affairs expended federal funds to provide various programs to students enrolled

at Carlisle Indian School.

60.     Federal Defendants deny the allegations.

## COUNT I

61.     Federal Defendants incorporate by reference their responses to the allegations in Paragraphs 1-60 above.

62.     Federal Defendants deny the allegations.

63.     Federal Defendants deny the allegations.

64.     Federal Defendants deny the allegations.

65.     Federal Defendants deny the allegations.

66.     Federal Defendants deny the allegations.

## PRAYER FOR RELIEF

The balance of the Complaint provides Plaintiff's demand for relief to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiff is entitled to the requested relief or any relief whatsoever.

Respectfully submitted on this 19th day of February, 2019.

JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment & Natural Resources Division


/s/ Sara E. Costello
SARA E. COSTELLO
Trial Attorney United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Tel: 202-305-0484  Fax: 202-305-0506
Email: sara.costello2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2019, a copy of the foregoing was filed through the

Court's CM/ECF management system and electronically served on counsel of record.

<u>/s/ Sara E. Costello</u>
Sara E. Costello
Trial Attorney