UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MASHPEE WAMPANOAG TRIBE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-2242 (PLF) |
| | ) | |
| DAVID BERNHARDT, in his official | ) | |
| capacity as Secretary of the Interior, <u>et al</u>., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DAVID LITTLEFIELD, <u>et al</u>., | ) | |
| | ) | |
| Defendant-Intervenors. | ) | |

<u>MEMORANDUM OPINION AND ORDER</u>

It has just come to the Court's attention that on March 9, 2020, the Solicitor of the

U.S. Department of the Interior withdrew Sol. Op. M-37029 (the "M-Opinion") because the

Solicitor concluded that this interpretation "is not consistent with the ordinary meaning, statutory

context, legislative history, or contemporary administrative understanding of the phrase

'recognized Indian tribe now under federal jurisdiction.'" <u>See</u> March 9, 2020 Memorandum.[1]

---

[1]     DOI, M-37055, Memorandum, Withdrawal of Solicitor's Opinion M-37209, "The Meaning of 'Under Federal Jurisdiction' for Purposes of the Indian Reorganization Act," (March 9, 2020).

After withdrawing the M-Opinion, the Solicitor issued a memorandum the following day that outlined a new four-part test.  See March 10, 2020 Memorandum.[2]

The M-Opinion had been the agency's two-part procedure for determining whether a tribe was "under federal jurisdiction" in 1934.  It is this agency guidance and the application of this test that the defendants have asked this Court to defer to in this litigation – sometimes even using the phrase "substantial" or "heightened" deference.  See, e.g., Federal Defendants' Memorandum of Points and Authorities in Support of Cross-Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment [Dkt. No. 32] at 2, 12-13, 34-35; Federal Defendants' Reply in Support of their Cross-Motion for Summary Judgment [Dkt. No. 37] at 1, 8, 11, 25.  The government is asking the Court to defer to its application of a test that the agency itself has now deemed is contrary to law.

The Court frankly is shocked that the government did not bring this change to the Court's attention and discuss its relevance, or lack thereof, to the pending motions for summary judgment and preliminary injunction.  The Court was left to discover this change on its own less than one week before oral argument on the very question of whether the agency's application of the M-Opinion was arbitrary, capricious, an abuse of discretion, or contrary to law.

The Court is further disturbed by the fact that the government's failure to bring its withdrawal of the M-Opinion to the Court's attention means that the Mashpee Wampanoag Tribe (the "Tribe") may well have been unaware of the change itself, rendering the Tribe no opportunity to address the relevance of the withdrawal to the pending motions for summary judgment and preliminary injunction.

---

[2]     DOI, Memorandum, Procedure for Determining Eligibility for Land-into-Trust under the First Definition of "Indian" in Section 19 of the Indian Reorganization Act (March 10, 2020).

Not only did the government fail to bring the withdrawal of the M-Opinion to the Court's attention when it should have – almost two months ago when the Solicitor deemed it contrary to law – but astonishingly, the flurry of activity that has developed in this case over the past month also did not prompt the government to act.  Less than two weeks after the Solicitor withdrew the M-Opinion as contrary to law, on March 27, 2020, the BIA advised the Tribe that it was taking the Tribe's reservation lands out of trust and revoking the Tribe's reservation proclamation.  There was no mention of the fact that the agency had just withdrawn its M-Opinion on which the agency had relied in its 2018 Record of Decision– the subject of this current litigation.  There has been a full round of briefing on the Tribe's motion for a preliminary injunction in which the Tribe has argued and the government has challenged the Tribe's likelihood of success on the merits, which includes discussion of agency's application of the M-Opinion that it has now withdrawn.  And finally, somehow the Court's Order of April 10, 2020, consolidating the motions hearing scheduled for May 7 to hear argument on both the preliminary injunction motion and the cross-motions for summary judgment – again, in which the government asks the Court to defer to the agency's application of the M-Opinion that the agency has now rejected – did not prompt the government to bring the change to the Court's attention.

In view of these concerns, the Court now requests supplemental briefing from the parties on or before Monday, May 4, 2020, addressing:

1.      The relevance of the following documents to the pending motions for summary judgment and preliminary injunction:

a.      The March 5, 2020, Memorandum from the Deputy Solicitor for Indian Affairs to the Solicitor entitled, "Determining Eligibility under the First Definition of 'Indian' in Section 19 of the Indian Reorganization Act of 1934,"

        b.      The March 9, 2020 Memorandum from the Solicitor to the Secretary entitled, "Withdrawal of Solicitor's Opinion M-37209, "The Meaning of 'Under Federal Jurisdiction' for Purposes of the Indian Reorganization Act," M-37055, and

        c.      The March 10, 2020 Memorandum of the Solicitor entitled, "Procedure for Determining Eligibility for Land-into-Trust under the First Definition of 'Indian' in Section 19 of the Indian Reorganization Act."

        2.      Why this Court should afford any deference to the agency's reliance on the M-Opinion now that the government itself has determined that the M-Opinion is contrary to law?

        3.      The relevance, if any, of the District of Columbia Circuit's decision in Grand Ronde v. Jewell, which, applying Chevron deference, found the M-Opinion to be "reasonable," now that the government itself has determined that the M-Opinion is contrary to law?  See Confederated Tribes of Grand Ronde Cmty. of Oregon v. Jewell ("Grand Ronde v. Jewell"), 830 F.3d 552, 564 (D.C. Cir. 2016).

        4.      Each party shall also address whether it is prepared to proceed with the oral argument that is currently scheduled for Thursday, May 7, 2020 at 10:00 a.m., or whether it requires additional time to respond more fully to the issues that the Court has raised beyond the response each is able to provide by the deadline the Court has set.

The parties may address further issues that they deem relevant to this Order in their supplemental briefs if they so choose.  Accordingly, it is hereby

ORDERED that the parties shall file supplemental briefs addressing the questions the Court has posed in this Order on or before Monday, May 4, 2020.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  May 1, 2020