**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MASHPEE WAMPANOAG TRIBE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:18-cv-02242-PLF |
| | ) |
| RYAN ZINKE, in his official capacity as | ) |
| Secretary of the Interior and the U.S. | ) |
| DEPARTMENT OF THE INTERIOR, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF MASHPEE WAMPANOAG TRIBE'S RESPONSE**
**TO THE COURT'S MAY 1, 2020 ORDER**

The Court's May 1, 2020 Memorandum Opinion and Order directs supplemental briefing on the withdrawal of the Department of the Interior Solicitor's Opinion M-37209 (the "M-Opinion"). The M-Opinion was withdrawn in March -- just two weeks before the Department's Friday-afternoon ambush announcement that it planned to take the Mashpee Wampanoag Tribe's (the "Tribe's") land out of trust and disestablish its reservation despite this pending action -- purportedly because the Solicitor concluded that the M-Opinion's interpretation of the first definition of "Indian" under 25 U.S.C. § 5129 "is not consistent with the ordinary meaning, statutory context, legislative history, or contemporary administrative understanding of the phrase 'recognized Indian tribe now under federal jurisdiction.'"[1]  Actually, *ten* federal court opinions have held that the M-Opinion's interpretation is all of those things, and the Department utilized

---

[1]  DOI M-37055, Memorandum, Withdrawal of Solicitor's Opinion M-37209, "The Meaning of 'Under Federal Jurisdiction' for Purposes of the Indian Reorganization Act" (March 9, 2020) (cited as "March 9 Withdrawal Memorandum").

the M-Opinion for a decade before its abrupt withdrawal.[2]  Indeed, the Federal Defendants have asked the Court to defer to the Secretary's contorted application of the M-Opinion to the fee-to-trust application of the Mashpee Wampanoag Tribe (the "Tribe"), and have not withdrawn that argument despite their recent repudiation of the Opinion and their prior positions endorsing it.

The Court has asked the parties to address questions related to the withdrawal of the M-Opinion, and whether additional time is needed to address these matters.  For the reasons explained below, the Tribe believes the repudiation of the M-Opinion is an additional and important ground for denying the Federal Defendants and Intervenors' motions for summary judgment and finding a likelihood of success on the merits on the preliminary injunction motion. The Tribe requests an additional week to brief these points, a continuation of argument on the motions until the week of May 18, and maintenance of the status quo until the motion for a preliminary injunction motion can be argued and decided.  The Federal Defendants do not oppose this change to the schedule and have agreed to accommodate the Tribe's request to maintain the status quo until May 25, 2020.  The Intervenors also do not oppose the Tribe's requested relief.

### Response to the Court's Queries

The Court has posed four questions to the parties.

---

[2]  *See Confederated Tribes of Grande Ronde v. Jewell*, 75 F. Supp. 3d 387, 402-05 (D.D.C. 2014), *aff'd*, 830 F.3d 552, 564, 566 (D.C. Cir. 2016); *Stand Up for California! v. U.S. Dep't of the Interior*, 204 F. Supp. 3d 212, 278 (D.D.C. 2016), *aff'd*, 879 f.3d 1177, 1183-86 (D.C. Cir. 2018), *cert. denied*, 139 S. Ct. 786 (2019); *No Casino in Plymouth v. Jewell*, 136 F. Supp. 3d 1166, 1184 (E.D. Cal. 2015), *vacated and remanded sub nom., No Casino in Plymouth v. Zinke*, 698 F. App'x 531 (9th Cir. 2017) (vacated based on standing); *County of Amador v. U.S. Dep't of the Interior*, 136 F. Supp. 3d 1193, 1200, 1208-10 (E.D. Cal. 2015), *aff'd*, 872 F.3d 1012 (9th Cir. 2017), *cert. denied*, 139 S. Ct. 64 (2018); *Central N.Y. Fair Bus. Ass'n v. Jewell*, No. 6:08-cv-0660 (LEK/DEP), 2015 WL 11400384 (N.D.N.Y. Mar. 26, 2015); *Citizens for a Better Way v. U.S. Dep't of the Interior*, No. 2:12-cv-3021-TLN-AC, 2015 WL 5648925, at *21-22 (E.D. Ca. Sep. 24, 2015), *aff'd sub. nom., Cachil Dehe Band of Wintun Indians v. Zinke*, 889 F.3d 584 (9th Cir. 2018).

1.  The Court has asked the Tribe to address the relevance to the pending motions for summary judgment and preliminary injunction of a March 5, 2020, Memorandum from the Deputy Solicitor for Indian Affairs to the Solicitor titled "Determining Eligibility under the First Definition of 'Indian' in Section 19 of the Indian Reorganization Act of 1934" (the "March 5 Legal Opinion"), the March 9 Withdrawal Memorandum, and a March 10, 2020 Memorandum of the Solicitor titled "Procedure for Determining Eligibility for Land-into-Trust under the First Definition of 'Indian' in Section 19 of the Indian Reorganization Act" (the "March 10 Memorandum").  While the March 5 Legal Opinion, the March 9 Withdrawal Memorandum and the March 10 Memorandum are arbitrary, capricious and not in accordance with law, they were not the basis for the Department's decision that is the subject of the Tribe's challenge in this action.  In addition, the March 10 Memorandum provides that "attorneys in the Solicitor's Office shall adhere to this procedure going forward" and that "eligibility determinations rendered under" the prior M-Opinion "remain in effect and need not be revisited."  Therefore the government should not seek to apply the new memoranda on these motions or on remand if the Tribe is successful.  The relevance of the Department's about-face is that the results-oriented, arbitrary and capricious repudiation of the M Opinion by this Secretary is part and parcel of the Secretary's unlawful treatment of the Tribe's fee-to-trust application.

2.  The Court has asked whether it should afford any deference to the agency's reliance on the M-Opinion now that the government itself claims to have decided that the M-Opinion is contrary to law.  The Tribe believes that the agency's sudden repudiation of an M Opinion on which it -- and Indian tribes -- have relied for a decade is arbitrary, capricious and contrary to law (as well as inconsistent with the Secretary's trust responsibility to Mashpee and other tribes that have relied on the M Opinion).  This repudiation calls into question the agency's contorted

application of the M-Opinion in this case and that application and reasoning should be accorded no deference.  In fact, although the Department claims to have applied the M Opinion to its consideration of the Tribe's multiple submissions and request to confirm that the Tribe was under federal jurisdiction in 1934 and eligible to have land taken in trust under IRA Section 5, in fact Interior essentially applied the standards just now announced on March 10, 2020 to the decision issued on September 7, 2018, again calling into question whether its "interpretation" of the M-Opinion in the September 7, 2018 decision deserves any deference whatsoever.  The Tribe desires additional time to fully brief this question.

3.  The Court inquired about the continued relevance of the D.C. Circuit's application of *Chevron* deference to find the M-Opinion reasonable in *Confederated Tribes of Grand Ronde Cmty. of Oregon v. Jewell*, 830 F.3d 552, 564 (D.C. Cir. 2016).  *Grand Ronde* and nine other federal court decisions have held that the M-Opinion was a reasonable interpretation of 25 U.S.C. § 5129.  *Grand Ronde* remains binding precedent on the reasonableness of the M-Opinion and the reasonableness of the Department's interpretation of the opinion with respect to  the application of the Cowlitz Tribe to take land into trust.  The deference accorded to the reasonable interpretation of the Department in that case means that deference cannot be accorded to the unreasonable and contrary interpretation of the M-Opinion in this case.  The Tribe desires additional time to fully brief this question.

4.  The Court has asked whether the Tribe is prepared to proceed with the oral argument that is currently scheduled for Thursday, May 7, 2020, or whether it requires additional time to respond more fully to the foregoing issues.  The Tribe, whose counsel already are immersed in preparing the Tribe's reply to the points made in the preliminary injunction oppositions of the Federal Defendants and the Intervenors, respectfully requests an additional week to fully brief

and address the substantial issues raised by the Secretary's revocation of the M-Opinion and the

March 5-10 memoranda.  The Tribe requests (1) an extension of time until May 11, 2020 to file

its reply brief in support of its motion for a preliminary injunction and a supplemental brief in

support of the Tribe's motion for summary judgment, (2) consolidated argument of the motions

during the week of May 18, 2020, and (3) a continuation of the status quo until May 25, 2020 to

permit argument and decision of the preliminary injunction motion.  The Federal Defendants do

not oppose this schedule and have agreed to accommodate the Tribe's request to maintain the

status quo until May 25, 2020.  Intervenors have stated that they do not oppose the Tribe's

request.

Dated: May 4, 2020                              Respectfully submitted,

                                                /s/ *Tami Lyn Azorsky*
                                                Tami Lyn Azorsky (D.C. Bar No. 388572)
                                                Kenneth J. Pfaehler (D.C. Bar No. 461718)
                                                V. Heather Sibbison (D.C. Bar No. 422632)
                                                Suzanne Schaeffer (D.C. Bar 429735)
                                                DENTONS US LLP
                                                1900 K Street, N.W.
                                                Washington, D.C. 20006
                                                Tel.: 202.496.7500
                                                Fax.: 202.496.7756
                                                tami.azorsky@dentons.com
                                                kenneth.pfaehler@dentons.com
                                                heather.sibbison@dentons.com
                                                suzanne.schaeffer@dentons.com

                                                *Attorneys for Plaintiff Mashpee Wampanoag Tribe*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 4, 2020, I electronically filed the foregoing **RESPONSE TO THE COURT'S MAY 1, 2020 ORDER** with the Clerk of the Court of the U.S. District Court for the District of Columbia by using the Court's CM/ECF system.  All participants in this case are registered CM/ECF users and will be served by the CM/ECF system.

/s/  *Tami Lyn Azorsky*
Tami Lyn Azorsky