# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MASHPEE WAMPANOAG TRIBE,<br><br>        Plaintiff,<br><br>   v.<br><br>DAVID L. BERNHARDT, in his official capacity as Secretary of the Interior, and UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>        Federal Defendants,<br><br>   v.<br><br>DAVID LITTLEFIELD, *et al.*,<br><br>        Intervenor-Defendants. | Case No. 1:18-cv-2242-PLF |

**FEDERAL DEFENDANTS' SUPPLEMENTAL BRIEF IN RESPONSE TO THE COURT'S MAY 1, 2020 ORDER**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

BACKGROUND .................................................................................................................... 2

    I.    Withdrawal of Sol. Op. M-37029 and issuance of Solicitor's Guidance. ............................................................................................................. 2

    II.    The withdrawal of the M-Opinion and the Solicitor's Guidance have been readily available to the public and the Tribe. ....................... 3

DISCUSSION ........................................................................................................................ 4

    I.    The withdrawal of the M-Opinion and the issuance of the Solicitor's Guidance and Deputy Solicitor's Memorandum are not relevant to the pending summary judgment motions and the Tribe's motion for a preliminary injunction. ........................................... 4

    II.    The M-Opinion is not contrary to law and is still applicable here. ......... 6

    III.    The M-Opinion continues to be entitled to deference and *Grande Ronde* remains the relevant controlling authority. ............................... 8

    IV.    The revised construction of the phrase "recognized Indian tribe under federal jurisdiction," will not be applied retroactively and is otherwise not relevant to the Tribe's claims. ......................................... 9

CONCLUSION ..................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Aaacon Auto Transport v. Interstate Commerce Comm'n.*,
  792 F.2d 1156 (D.C. Cir. 1986) ............................................................................... 6, 7

*Alegria I, Inc. v. Fed. Comm. Comm'n.*,
  905 F.2d 471 (D.C. Cir. 1990) ................................................................................. 6, 9

*Bowen v. Georgetown Univ. Hosp.*,
  488 U.S. 204 (1988) ....................................................................................................... 5

*Confederated Tribes of the Grande Ronde Cmty. of Or. v. Jewell*,
  75 F. Supp. 3d 387 (D.D.C. 2014) ............................................................................... 9

*Confederated Tribes of the Grande Ronde Cmty. of Or. v. Jewell*,
  830 F.3d 563 (D.C. Cir. 2016) ........................................................................... 1, 8, 9

*Health Ins. Ass'n of Am. v. Shalala*,
  23 F.3d 412 (D.C. Cir. 1994) ....................................................................................... 5

*IMS, P.C. v. Alvarez*,
  129 F.3d 618 (D.C. Cir. 1997) ..................................................................................... 9

*Rocky Mountain Oil & Gas Ass'n v. Andrus*,
  500 F. Supp. 1338 (D. Wyo. 1980) ........................................................................... 6

**Statutes**

25 U.S.C. § 5108 ................................................................................................................. 2

## INTRODUCTION

On May 1, 2020, the Court ordered the parties to respond to specific questions regarding Interior's withdrawal of Sol. Op. M-37029 (M-Opinion). In light of the Court's Order, Federal Defendants respectfully submit that Interior's withdrawal of the M-Opinion has no legal consequence with respect to the issues pending before the Court. The M-Opinion was binding at the time of Interior's 2018 Remand Decision (Remand Decision) and Interior has not found it to be contrary to law. The M-Opinion remains operative for decisions which relied upon it and, in addition, the Solicitor's Guidance replacing the M-Opinion does not apply retroactively. Further, the U.S. Court of Appeals for the District of Columbia Circuit's decision in *Confederated Tribes of the Grande Ronde Cmty. of Or. v. Jewell,* finding the M-Opinion's test "reasonable" and entitled to deference remains applicable to this case. 830 F.3d 552, 563 (D.C. Cir. 2016).

The Federal Defendants regret any concerns this has caused the Court as set forth in its May 1 Order. Federal Defendants respectfully submit, however, that Interior's M-Opinion withdrawal and updated Solicitor's Guidance were published broadly and Plaintiff Mashpee Wampanoag Tribe (Plaintiff or Tribe) was well aware of the updates. Presumably, Plaintiff, like Federal Defendants, did not deem it necessary to file these updated documents with the Court due to their lack of direct application to the issues in the case or to the emergency motion practice that occurred well after the M-Opinion's withdrawal. Federal Defendants respectfully

submit that had they understood the updates to have a direct impact on this case, they would have notified the Court and undertaken all appropriate filings.

Because the M-Opinion is still applicable to the Remand Decision and the Solicitor's Guidance has no bearing on the current litigation, Federal Defendants are prepared to proceed with oral argument scheduled for Thursday, May 7, 2020. To the extent that the Court grants additional time for the parties to respond to the issues raised in the May 1 Order, Federal Defendants reserve the right to further elucidate any issues as necessary.

## BACKGROUND

### I. Withdrawal of Sol. Op. M-37029 and issuance of Solicitor's Guidance.

On March 9, 2020, the Solicitor of the Interior (Solicitor) withdrew the M-Opinion. *See* Sol. Op. M-37055, *Withdrawal of M-37029, The Meaning of 'Under Federal Jurisdiction' for Purposes of the Indian Reorganization Act* (Mar. 9, 2020), attached as Ex. 1.

On March 10, 2020, the Solicitor issued a new, four-step procedure for use by attorneys in the Office of the Solicitor (Solicitor's Office) for determining eligibility under the first definition of "Indian" in Section 19 of the Indian Reorganization Act of 1934 (IRA), 25 U.S.C. § 5108. *See Procedure for Determining Eligibility for Land-into-Trust under the First Definition of "Indian" in Section 19 of the Indian Reorganization Act*, Memorandum from the Solicitor to Regional Solicitors, Field Solicitors, and SOL-Division of Indian Affairs (Mar. 9, 2020) (hereafter Solicitor's

Guidance), attached as Ex. 2.  The withdrawal of the M-Opinion came a year and a half after the 2018 Remand Decision challenged in this case.

To further assist Solicitor's Office attorneys in implementing the four-step procedure, the Solicitor's Guidance includes as an attachment a March 5, 2020 memorandum from the Deputy Solicitor for Indian Affairs detailing the Department's interpretation of the phrase "recognized Indian tribe now under federal jurisdiction."  *See Determining Eligibility under the First Definition of "Indian" in Section 19 of the Indian Reorganization Act of 1934*, Memorandum from the Deputy Solicitor for Indian Affairs to the Solicitor (Mar. 5, 2020) (hereafter Deputy Solicitor's Mem.), attached as Ex. 3.[1]

## II. The withdrawal of the M-Opinion and the Solicitor's Guidance have been readily available to the public and the Tribe.

Shortly after its issuance, Interior posted Sol. Op. M-37055 withdrawing the M-Opinion on the Department's website and posted the Solicitor's Guidance and the Deputy Solicitor's Memorandum on the Bureau of Indian Affairs (BIA) Fee-to-Trust webpage.  Interior also posted several fee-to-trust decisions applying the revised Solicitor's Guidance on the BIA website for reference.  The Solicitor's Guidance appeared on the popular federal Indian law blog Turtle Talk[2] and the news website

---

[1] On the same day as Sol. Op. M-37055, the Solicitor issued Sol. Op. M-37054, *Interpreting the Second Definition of "Indian" In Section 19 of the Indian Reorganization Act of 1934* (Mar. 9, 2020). Sol. Op. M-37054 discusses the phrases "who were (…) residing" and "any Indian reservation" in the IRA's second definition of "Indian" and is not relevant to the litigation before this Court.

[2] Solictor's [sic] Procedure for Determining Eligibility for Land-into-Trust under the First Definition of "Indian" in Section 19 of the Indian Reorganization Act, available

3

Indianz.com thoroughly covered Interior's decision.[3]  With respect to the Court's inquiry as to whether Plaintiff was aware of the withdrawal of the M-Opinion (Court's Order at 2), the answer is yes—the Tribe was aware.  Shortly after Interior's materials were published, media coverage of the Solicitor's decision included a Law 360 Article dated March 25, 2020, in which the Tribe's counsel of record commented on the updates and its impact on tribes.  *See* Tribes Unsure Where They'll Land With New DOI Trust Policy, available at *https://www.law360.com/articles/1256398/tribes-unsure-where-they-ll-land-with-new-doi-trust-policy*, attached as Ex. 6 (quoting Ms. Sibbison ("Streamlining [the process] doesn't do the tribe any good if it just makes it easier for Interior to say no . . . .")).

## DISCUSSION

**I.     The withdrawal of the M-Opinion and the issuance of the Solicitor's Guidance and Deputy Solicitor's Memorandum are not relevant to the pending summary judgment motions and the Tribe's motion for a preliminary injunction**.

In withdrawing the M-Opinion and issuing the Solicitor's Guidance, Interior was cognizant of the reliance built around the M-Opinion and considered these

---

at *https://turtletalk.blog/2020/03/11/solicitors-procedure-for-determining-eligibility-for-land-into-trust-under-the-first-definition-of-indian-in-section-19-of-the-indian-reorganization-act/*, attached as Ex. 4.

[3] Trump administration changes course with withdrawal of pro-tribal homelands policy, available at *https://www.indianz.com/News/2020/03/10/trump-administration-charges-course-with.asp* (the article includes links to all the relevant documents), attached as Ex. 5.

interests as part of its updates. To minimize the impact on existing reliance interests, the Solicitor determined that, consistent with well-established principles of administrative law regarding retroactive application of rules under the Administrative Procedure Act (APA), the updated framework contained in the Solicitor's Guidance should not apply retroactively. *See Health Ins. Ass'n of Am. v. Shalala*, 23 F.3d 412, 423-24 (D.C. Cir. 1994) (holding that both prescriptive and interpretive rules must be of future effect and not retroactive). *See also Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988) (holding that an agency may not promulgate retroactive rules absent express congressional authority). The Solicitor's Guidance is not a rule under the APA, but principles of retroactivity were useful in guiding Interior's decision. Indeed, the Solicitor's Guidance directly stated that "[e]ligibility determinations rendered under Sol. Op. M-37029 remain in effect and need not be revisited." Solicitor's Guidance at 2. This language made clear that the clarification and updates had no effect on past decisions that applied the M-Opinion.

The Solicitor's Guidance (including the attached Deputy Solicitor's Memorandum) operates prospectively and serves to provide guidance to attorneys in the Solicitor's Office and tribal applicants for fee-to-trust decisions made *after* the issuance of the updated Solicitor's Guidance. The Solicitor's withdrawal of the M-Opinion and the issuance of the Solicitor's Guidance does not affect any of Interior's prior determinations regarding an applicant's eligibility to have land taken into trust under the IRA. Thus, none of these documents apply to the Tribe's challenge to the 2018 Remand Decision or the Tribe's motion for a preliminary injunction.

5

## II.     The M-Opinion is not contrary to law and is still applicable here.

The M-Opinion was binding on Interior at the time it issued the 2018 Remand Decision and it remains the correct standard for assessing whether the Tribe was under federal jurisdiction in 1934. The Solicitor's subsequent withdrawal of the M-Opinion does not impact the current litigation.

On September 7, 2018, when the Remand Decision issued, the M-Opinion was in place and binding on all Interior departmental offices and officials. *See* U.S. Dep't of the Interior, Departmental Manual Pt. 209, Ch. 3, § 3.2A(11). *See also Rocky Mountain Oil & Gas Ass'n v. Andrus*, 500 F. Supp. 1338, 1341-42 (D. Wyo. 1980), *rev'd on other grounds and remanded*, 696 F.2d 734 (10th Cir. 1982) (Solicitor's opinions considered the "law of the Department"). The Remand Decision therefore turns on Interior's application of the M-Opinion's interpretation of the phrase "under federal jurisdiction" to the Tribe's evidence.

The M-Opinion remains the correct test to apply to the question of whether the Tribe was "under federal jurisdiction" in 1934. *See Alegria I, Inc. v. F.C.C.*, 905 F.2d 471, 472 n.1 (D.C. Cir. 1990) (although the agency recently revised its rules, because "the new rules were not in effect at the time the challenged order was issued, they do not affect our disposition of this case"); *Aaacon Auto Transport v. ICC*, 792 F.2d 1156, 1161 (D.C. Cir. 1986) (in general, agencies must apply law in effect at time decision is made "even when that law has changed during the course of the proceedings").

Although the M-Opinion has been withdrawn, Interior did not deem the M-Opinion contrary to law.  *See* Sol. Op. M-37055.  Instead, the Solicitor withdrew the M-Opinion primarily based on a changed interpretation of the term "recognition" as it is used in the phrase "recognized Indian tribe now under federal jurisdiction." Deputy Solicitor's Mem. at 2.  The M-Opinion concluded that "[t]he IRA does not require that the agency determine whether a tribe was a 'recognized Indian tribe' in 1934; a tribe need only be 'recognized' at the time the statute is applied (e.g., at the time the Secretary decides to take land into trust)."  M-Op. at 25.  Interior explained that:

> In particular, [the agency's] review found that M-37029's interpretation of the term "recognition" departed, without explanation, from the Department's previous, long-held understanding of that term. Among other things, the Solicitor Office's review concludes that in 1934, Congress and the Department would more likely have understood the phrase "recognized Indian tribe now under federal jurisdiction" as referring to tribes previously placed under federal authority through congressional or executive action who remained under federal authority in 1934.

*Id*.  The Deputy Solicitor's Memorandum provides legal analysis outlining why the revised construction of the term "recognition" and its relation to "under federal jurisdiction" "better reflects the ordinary meaning, statutory context, legislative history, and the Department's long-held understanding of the phrase."  Deputy Solicitor's Mem. at 31.

But Interior has not found the M-Opinion's analysis of the meaning of "under federal jurisdiction" contrary to law.  The Solicitor's Guidance simply expands on and clarifies the types of evidence relevant in future decision makings for

determining whether a tribe was under federal jurisdiction consistent with the M-Opinion.  *Compare* M-Op. at 19-21 (discussing types of evidence relevant to the "under federal jurisdiction" inquiry), *with* Solicitor's Guidance at 2-10 (discussing dispositive evidence that satisfies the "under federal jurisdiction" inquiry, presumptive evidence of recognition, and non-dispositive evidence that should be assessed for sufficiency).

As described, the revised construction focuses primarily on the M-Opinion's interpretation of "recognition."  Deputy Solicitor's Mem. at 2; 19-31.  The revised definition of "recognition" does not impact the Tribe's claims regarding its jurisdictional status in 1934.  Thus, Interior's withdrawal of the M-Opinion has no legal consequence with respect to the motions for summary judgment or the Tribe's motion for a preliminary injunction pending before the Court.

### III. The M-Opinion continues to be entitled to deference and *Grande Ronde* remains the relevant controlling authority.

The D.C. Circuit upheld Interior's reading of the IRA's "under Federal jurisdiction" in 1934 requirement and the agency's test set forth in the M-Opinion. *Confederated Tribes of the Grand Ronde Cmty. of Or.*, 830 F.3d at 564-65.  *Grande Ronde*'s finding that the M-Opinion's test is "reasonable" and entitled to deference remains applicable here.  *Id.* at 563.

*Grande Ronde* remains the controlling authority for interpreting Interior's decisions under the M-Opinion in the D.C. Circuit and should apply in this case.  As explained above, Interior's withdrawal of the M-Opinion and issuance of the Solicitor's Guidance did not diverge from the basic legal interpretation of "under

8

federal jurisdiction" contained in the M-Opinion, which the *Grande Ronde* district and appellate courts examined and found to be entitled to deference. *See* 75 F. Supp. 3d 387, 401-404 (D.D.C. 2014); 830 F.3d at 563 ("we are bound to defer to [the agency's] reasonable interpretation of the statute it is charged to administer").

The Remand Decision should be assessed in keeping with the controlling authority at the time it was made in 2018. The fact that Interior has now issued revised guidance should not undercut *Grand Ronde's* conclusion that deference applies to the M-Opinion. *Alegria I, Inc.*, 905 F.2d at 472 n.1; *IMS, P.C. v. Alvarez*, 129 F.3d 618, 623 (D.C. Cir. 1997) ("It is a widely accepted principle of administrative law that the courts base their review of an agency's actions on the materials that were before the agency at the time its decision was made.").

IV. **The revised construction of the phrase "recognized Indian tribe under federal jurisdiction," will not be applied retroactively and is otherwise not relevant to the Tribe's claims**.

Interior made clear that the Solicitor's Guidance (including the Deputy Solicitor's Memorandum) would not apply retroactively and that existing eligibility determinations need not be revisited. This was the principle reason it was not cited or relied on by Federal Defendants in the recent briefing before the Court. And even the Tribe, aware of withdrawal of the M-Opinion did not cite this as support for its claims. Despite the wide publicity of the M-Opinion's withdrawal and issuance of the Solicitor's Guidance and actual knowledge by the Tribe's attorney of record, the Tribe did not cite this as support for its motion for a preliminary injunction, nor has the Tribe sought any relief from the Court on this basis. Federal Defendants also

believe that retroactive application of the Solicitor's Guidance and the Deputy Solicitor's Memorandum would have no effect on Interior's conclusion that the Tribe was not "under federal jurisdiction" in 1934.[4] Nevertheless, Federal Defendants again respectfully submit that they regret any concerns or confusion that this has caused.

## CONCLUSION

The M-Opinion continues to apply to Interior's 2018 Remand Decision. The Solicitor's subsequent withdrawal of the M-Opinion and issuance of the four-step guidance does not change the current litigation. *Grand Ronde* is still controlling authority for this case; and, just as it was in *Grand Ronde*, the M-Opinion should be accorded deference. Accordingly, Federal Defendants are prepared to proceed with oral argument as scheduled. The Tribe has requested additional time for briefing and Federal Defendants do not object to that request. If the Court grants additional

---

[4] Applying the Solicitor's Guidance to the Tribe's evidence would not affect the Tribe's claim in this case. The Tribe cannot satisfy Step One of Interior's inquiry; Congress did not enact legislation making the IRA applicable to the Tribe. Solicitor's Guidance at 2. Further, the Tribe has not provided dispositive evidence of federal jurisdiction in 1934 under Step Two. *See id.* at 2-6. No IRA-era election was held for the benefit of the Tribe. Fed. Defs.' Mot. at 30-31. Similarly, the Tribe has never presented evidence that Interior approved a tribal constitution or charter of incorporation for the Tribe under the IRA. No evidence exists in this case that would satisfy Step Three of Interior's inquiry, which examines whether a tribe was unambiguously "recognized" before 1934. *See, e.g.*, AR 5105 (Remand Decision at 18) (concluding that there were no contacts between the Tribe and the Federal government "through treaty, legislation, or Federal administrative action"). The Tribe also has not presented evidence meeting the cumulative weight analysis under Step Four. The administrative record contains "little if any evidence demonstrating that the United States took any actions establishing or reflecting Federal obligations, duties, responsibilities for or authority over the Tribe in or before 1934." AR 5115 (Remand Decision at 28).

time for the parties to respond to the issues raised in the May 1 Order, Federal Defendants respectfully reserve the right to provide further briefing on any issues as necessary.

Respectfully submitted this 4th day of May, 2020.

For Federal Defendants:

PRERAK SHAH
Deputy Assistant Attorney General


/s Sara E. Costello
SARA E. COSTELLO
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Tel: 202-305-0484
Fax: 202-305-0506
Email: sara.costello2@usdoj.gov

OF COUNSEL:
Robert Hitchcock
Attorney-Advisor
Branch of Environment & Lands
Office of the Solicitor, Division of Indian Affairs
U.S. Department of the Interior

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 4, 2020, a copy of the foregoing was filed through the Court's CM/ECF management system and electronically served on counsel of record.

/s Sara E. Costello
Sara E. Costello
Trial Attorney
