UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MASHPEE WAMPANOAG TRIBE,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID BERNHARDT, in his official capacity as Secretary of the Interior,<br><br>    and<br><br>U.S. DEPARTMENT OF THE INTERIOR<br><br>    Defendants<br>    and<br><br>DAVID LITTLEFIELD *et al.*,<br><br>    Intervenor-Defendants. | Civil Action No. 1:18-cv-02242-PLF |

INTERVENOR-DEFENDANTS *LITTLEFIELD* PLAINTIFFS'
RESPONSE TO PLAINTIFF MASHPEE WAMPANOAG TRIBE'S SUPPLEMENTAL BRIEF
ON THE DEFENDANTS' WITHDRAWAL OF THE M-OPINION

Intervenor-Defendants hereby submit their response to Plaintiff's May 11, 2020 "Supplemental Brief on the Defendants' Withdrawal of the M Opinion." ECF No. 60.

**I.    THE TRIBE'S CONTENTION THAT THE SECRETARY, IN DECIDING THE 2018 REMAND DECISION, RETROACTIVELY APPLIED THE STRICTER MARCH 2020 GUIDANCE IS BELIED BY THE RECORD.**

In issuing the Department of Interior's March 10, 2020 Guidance, the Secretary expressly stated that it would be applied prospectively: "[a]ttorneys in the Solicitor's Office shall adhere to this procedure going forward" and that "eligibility determinations rendered under" the prior M-Opinion "remain in effect and need not be revisited."  ECF No. 56-2, at 1-2.  The Federal Defendants have reaffirmed that the only test applicable to the Tribe is the M-Opinion adopted in 2014—none of the so-called "constricted" features of the new guidance will ever be applied to the Tribe.  ECF No. 56, at 4-5.  Thus, unlike the vast majority of parties that complain about a change in agency standards, the Tribe has not been prejudiced at all by the withdrawal of the M-Opinion.  Its reliance interests on the M-Opinion have been and will be protected.  The new standard has no bearing on the Tribe's eligibility to have land taken into trust under the Indian Reorganization Act of 1934.

The Tribe nonetheless has conjured up a novel argument (in response to the Court's May 1 Order) that the Secretary must have surreptitiously, and in bad faith, applied the "constricted standard" instead of the M-Opinion, because that is the only plausible explanation for why the Secretary did not find the Tribe was under federal jurisdiction in 1934.  ECF No. 60, at 3-4.  But nothing in the record remotely suggests that the Secretary had announced a new standard and applied it to the Tribe without any notice.  Rather, the Tribe's contention is a thinly veiled attempt at repackaging the Tribe's summary judgment arguments:  the Tribe disagrees with *how* the Secretary applied the M-Opinion, and it does not actually contend that a new standard was imposed.  The fact that Interior rendered a decision adverse to the Tribe does not mean the Secretary created a new standard.  Thus, the Secretary's decision should be accorded the usual deference provided under

arbitrary-or-capricious review.

There is ample support for the Secretary's determination that the Tribe did not satisfy the "under federal jurisdiction" requirement. The Department has consistently understood that the Mashpee Tribe, like the Narragansett Tribe, was never under federal jurisdiction. This was the position of the Department when the IRA was adopted. AR6897-6901; Intervenor-Defendants' Reply Memorandum in Support of Their Cross-Motion for Summary Judgment, ECF No. 38, at 2 n.2. The Department implicitly held to that view when it strategically jettisoned reliance on the first definition of "Indian" and contended the second definition was free of the "under federal jurisdiction" requirement. ECF No. 33, at 8-9. The Secretary never would have eschewed the first definition of Indian in the 2015 ROD (the path taken by all other tribes), and offered a plainly incorrect reading of the second definition, if he thought the Tribe had any chance to satisfy the "under federal jurisdiction" standard. The Department remained convinced of that same truth when it issued the initial "draft" remand decision in June 2017. AR4714; ECF 33-1, at 9. That decision, just like the September 2018 Remand Decision, thoroughly reviewed the Tribe's submissions and noted the paucity of evidence that the Tribe presented to show that it was under federal jurisdiction in 1934. AR4727, 4734, 4736-4746. Associate Deputy Secretary James Cason stated the basis upon which he determined the Tribe was ineligible for trust land under the IRA:

> I have assessed the parties' submission under the Department's two-part framework for interpreting "under federal jurisdiction" for purposes of the IRA, as set forth in M37029 [The Meaning of 'Under Federal Jurisdiction' for Purposes of the Indian Reorganization Act, Op. Sol. Interior M-37029 (Mar. 12, 2014)]. Having completed my review of the submissions and supporting documentation provided by the parties, and as explained in more detail below, I conclude that the Tribe's evidence does not demonstrate that the United States took an action or series of actions in or before 1934 that sufficiently establishes or generally reflects federal obligations, duties, responsibility for or authority over the Tribe. Based on the record before the Department I cannot conclude that the Tribe was under federal jurisdiction in 1934. I therefore regret to inform you that I cannot acquire land in trust for the Tribe under the IRA's first definition of "Indian," nor under the second definition as it has been interpreted by the United States District Court for the District of Massachusetts.

AR4714; *see* AR4748 ("Applying th[e] [M-37029] framework . . . the evidence does not demonstrate that the United States had, at or before 1934, taken an action or series of actions that sufficiently establish reflect federal obligations, duties, responsibilities for or authority over the Tribe.").

The Tribe's weak and scattered evidence fell far below the quantum of proof submitted by other tribes that received favorable land-into-trust determinations. AR4746-4747. While the Secretary quickly withdrew the June 2017 decision at the Tribe's urging—and marked it as a "draft," ECF No. 33-1, at 9—the Department's 33-page draft negative decision, which found that the Tribe was not "under federal jurisdiction" in 1934, unquestionably applied the M-Opinion's two-part test and found the Tribe's historical evidence lacking.

The Secretary reached the same, indeed foreordained, conclusion in the 2018 Remand Decision. That final determination closely tracks the analysis, and adopts much of the actual language, contained in the prior negative (draft) decision. Thus, the problem for the Tribe is not that it was suddenly and unfairly sandbagged with a new stricter standard in the September 2018 Remand Decision, but that its historical evidence has never satisfied the M-Opinion's two-part test in the Department's view.[1]

The Mashpee Tribe's meager evidence of federal contacts renders it ineligible for trust land under the IRA, just as that same kind of weak evidence foreclosed trust land for the Narragansett Tribe. Neither Tribe can escape its history of being "under the jurisdiction of the New England states

---

[1] Under the Tribe's theory, the Secretary likewise must have been imposing the new "constricted standard" in June 2017, some *34 months* before the Secretary withdrew the M-Opinion and announced the new guidance. Taking the Tribe's theory to its logical and absurd conclusion, the Secretary also must have "channeled" the 2020 constricted standards when he decided the 2015 ROD, which implicitly but necessarily acknowledges that the Tribe could not satisfy the "under federal jurisdiction" requirement. The Department had reviewed the Tribe's historical evidence for three years before going exclusively with the second definition to avoid the under federal jurisdiction requirement. Thus, under the Tribe's theory, the Secretary had already decided to adopt a stricter standard before he adopted the M-Opinion in 2014.

3

and not the federal government." *Carcieri v. Salazar*, 555 U.S. 379, 384 (2009).

## II.    THE SECRETARY EXPRESSLY APPLIED THE M-OPINION'S TWO-PART TEST IN THE 2018 REMAND DECISION.

The 2018 Remand Decision shows that the Department evaluated all of the Tribe's evidence under the M-Opinion's analytical framework, just not to the Tribe's satisfaction.  *See* AR5088, 5098-5100, 5107-5115.  In fact, the Secretary applied the M-Opinion's familiar two-part test over Intervenor-Defendants' objection and their request to withdraw it as the controlling standard.  AR5100 ("the Littlefields fail[] to show Sol. Op. M-37029's interpretation of 'under federal jurisdiction' or the two part inquiry are contrary to law.  The courts to have considered the issue have upheld the Department's interpretation of 'under federal jurisdiction' and its application.")  The Secretary, in the June 2017 "draft" remand decision, likewise declined to withdraw the M-Opinion as requested by Intervenor-Defendants.  AR4730.

In sum, the record shows that the Secretary expressly adhered to the M-Opinion framework and meticulously applied it to the evidence provided by the Tribe.  The Secretary has provided "findings of fact and reasons to support its decision" that are "sufficient to reflect a considered response to the evidence and contentions of the losing party."  *Veg-Mix, Inc. v. U.S. Dept. of Agric.*, 832 F.2d 601, 615 (D.C. Cir. 1987).  Nothing more is required.  ECF No. 33-1, at 11-14.

**CONCLUSION**

Intervenor-Defendants respectfully request that the Court grant summary judgment in their favor in all respects.

Dated:  May 18, 2020

Respectfully submitted,

/s/ David H. Tennant
David H. Tennant (admitted *pro hac vice*)
Law Office of David Tennant PLLC
3349 Monroe Avenue, Suite 345
Rochester, NY 14618
Tel.:  585.708.9338
*david.tennant@appellatezealot.com*

/s/ Andrew Kim
Andrew Kim (D.C. Bar. No. 1029348)
GOODWIN PROCTER LLP
1900 N Street, N.W.
Washington, DC  20036
Tel.:  202.346.4000
Fax.:  202.346.4444
*AndrewKim@goodwinlaw.com*

*Attorneys for Intervenor-Defendants*