IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MASHPEE WAMPANOAG TRIBE,<br><br>         Plaintiff,<br><br>     v.<br><br>DAVID L. BERNHARDT, in his official capacity as Secretary of the Interior, and UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>         Federal Defendants,<br><br>     v.<br><br>DAVID LITTLEFIELD, *et al.*,<br><br>         Intervenor-Defendants. | Case No. 1:18-cv-2242-PLF |

**FEDERAL DEFENDANTS' RESPONSE
TO PLAINTIFF'S SUPPLEMANTAL BRIEF**

The parties agree that Sol. Op. M-37029 (M-Opinion) is the applicable test to determine whether Plaintiff Mashpee Wampanoag Tribe (Plaintiff or Tribe) was under jurisdiction in 1934 and that *Confederated Tribes of the Grand Ronde Community of Oregon v. Jewell*, 830 F.3d 552 (D.C. Cir. 2016) remains the controlling precedent for this matter. The Tribe, however, argues that the Interior Department's 2018 Remand Decision is not entitled to deference because Interior has made inconsistent statements about the M-Opinion and surreptitiously applied

1

the Solicitor's 2020 Guidance[1] to its 2018 Remand Decision to evaluate the Tribe's evidence.

Interior, however, has not found the M-Opinion to be contrary to law, and the Tribe should not be permitted to use the post-decisional issuance of the Solicitor's Guidance to attempt to discredit Interior's 2018 decision. Interior fully adhered to the M-Opinion in issuing its 2018 decision finding that the Tribe was not under federal jurisdiction in 1934. As evident throughout the 2018 decision, Interior did not apply the Solicitor's 2020 Guidance (which had not been formulated at the time of the 2018 decision). The Tribe's baseless speculation is without any evidentiary or legal support and Interior's conclusions in the 2018 decision remain entitled to deference. *Cf. Cal. Valley Miwok Tribe v. United States*, 515 F.3d 1262, 1266 (D.C. Cir. 2008) (deferring to Interior "because of the interstitial nature of the legal question and the related expertise of the Agency" (internal quotations omitted)).

Finally, the Tribe complains that Interior did not provide it with notice of the M-Opinion's withdrawal and that the COVID-19 crisis impacted its ability to review the Solicitor's 2020 Guidance. *See* Pl.'s Supp. Br. on the Defs.' Withdrawal of the M-Op. (Pl.'s Supp. Br.) at 3-4, ECF No. 60. First, the Tribe has admitted that it was

---

[1] *Procedure for Determining Eligibility for Land-into-Trust under the First Definition of "Indian" in Section 19 of the Indian Reorganization Act*, Memorandum from the Solicitor to Regional Solicitors, Field Solicitors, and SOL-Division of Indian Affairs (Mar. 9, 2020) (hereafter Solicitor's Guidance), attached as Ex. 2 to Fed. Defs.' Supp. Br. in Resp. to the Ct.'s May 1, 2020 Order (Fed. Defs.' Supp. Br.), ECF No. 56.

well aware of the M-Opinion's withdrawal and updated guidance.[2]  Second, the Solicitor's Guidance is inapplicable, and finally withdrawal of the M-Opinion and issuance of the Solicitor's Guidance did not did not rise to the level of a new policy or regulation requiring consultation.  Three weeks after Interior published the updated materials, the Tribe filed a motion for a temporary restraining order and preliminary injunction in this case.  The Tribe could have sought relief in its emergency motion or filed a stay in this matter if it needed more time to consider the Solicitor's Guidance.  But the Tribe did not.  It is transparent that the Tribe did not believe that relief was warranted at that time.  Now, Plaintiff is simply trying to seize an opportunity based on the Court's order for supplemental briefing.  This attempt should be rejected.

## ARGUMENT

**I. Deference should be accorded to the M-Opinion and Interior's conclusions in the 2018 decision.**

    **A. Interior has not found the M-Opinion contrary to law and the Tribe cannot use the Solicitor's Guidance to attack the 2018 decision.**

The Tribe argues that Interior should not be accorded deference in its application of the M-Opinion to the 2018 decision because the agency has allegedly made conflicting statements regarding the legality of the M-Opinion.  *See* Pl.'s Supp. Br. at 5-6.  Interior has not been inconsistent in its treatment of the M-

---

[2] *See* Tribes Unsure Where They'll Land With New DOI Trust Policy, available at *https://www.law360.com/articles/1256398/tribes-unsure-where-they-ll-land-with-new-doi-trust-policy*, attached as Ex. 6 to Fed. Defs.' Supp. Br. (quoting the Tribe's counsel of record).

Opinion; and, in any event, the post-decisional issuance of the Solicitor's Guidance does not provide the Tribe with an opportunity to challenge Interior's 2018 decision.

As Interior previously explained, the agency has not found the M-Opinion's analysis of the meaning of "under federal jurisdiction" contrary to law. Fed. Defs.' Supp. Br. at 7-8 ("The Solicitor's Guidance simply expands on and clarifies the types of evidence relevant in future decision makings for determining whether a tribe was under federal jurisdiction consistent with the M-Opinion."). The Solicitor withdrew the M-Opinion primarily based on a changed interpretation of the term "recognition" as it is used in the phrase "recognized Indian tribe now under federal jurisdiction." *Id*. The Tribe takes issue with Interior's explanation that although the M-Opinion has been withdrawn, Interior did not deem the M-Opinion contrary to law. The Tribe quotes a portion of Sol. Op. M-37055, Pl.'s Supp. Br. at 6, but this does not show otherwise. The quoted portion of the withdrawal reflects that Interior concluded that the M-Opinion was "not consistent with" statutory interpretation tools; namely, the ordinary meaning, statutory context, legislative history, or administrative understanding and implementation of "recognition." *See* Sol. Op. M-37055, attached as Ex. 1 to Fed. Defs.' Supp. Br.

More importantly, the revised interpretation of "recognition" does not relate to the Tribe's claims regarding its jurisdictional status in 1934. Fed. Defs.' Supp. Br. at 8. And Federal Defendants and the Tribe agree that the M-Opinion is the applicable test to determine whether the Tribe was under jurisdiction in 1934. Fed. Defs.' Supp. Br. at 6-10; Pl.'s Supp. Br. at 16. That is the test which Interior

applied in the 2018 decision.  *See infra* pp. 5-7.  The M-Opinion has repeatedly been accorded deference and the post-decisional issuance of the Solicitor's Guidance should not change that.  *See Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2573 (2019) (generally limiting judicial review to "the agency's contemporaneous explanation in light of the existing administrative record"); *Envtl. Def. Fund, Inc. v. Costle*, 657 F.2d 275, 284 (D.C. Cir. 1981) ("The focal point for judicial review should be the administrative record already in existence, not some new record completed initially in the reviewing court.").  *See also Ass'n of Pacific Fisheries v. EPA*, 615 F.2d 794, 811 12 (9th Cir. 1980) (holding that it is inappropriate "for either party to use post decision information as a new rationalization either for sustaining or attacking the [a]gency's decision").

> **B.    Interior applied the M-Opinion in its 2018 decision finding that the Tribe was not under federal jurisdiction.**

The majority of Plaintiff's argument is based on the speculative and faulty premise that Interior applied the Solicitor's 2020 Guidance to its evidence instead of the M-Opinion.  *See* Pl.'s Supp. Br. at 8-15.  But an examination of Interior's 2018 decision shows that this is not the case.

In Administrative Procedure Act (APA), 5 U.S.C. § 706(2)(A), cases, agency action is to be judged only on the basis of the agency's stated reasons for its decision.  *See Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 50 (1983) ("an agency's action must be upheld, if at all, on the basis articulated by the agency itself.").  Interior's 2018 decision specifically states that the Department is bound by the signed M-Opinion and that it is applying the M-

5

Opinion to evaluate whether the Tribe was under federal jurisdiction in 1934. AR 5097-5098 (Interior's 2018 decision at 10-11). Interior's decision also includes a lengthy discussion of the M-Opinion's test, rejects Intervenors' request to withdraw or modify the M-Opinion, and repeatedly applies the M-Opinion to the Tribe's evidentiary submissions. AR 5097-5101, 5103, 5105-5109, 5111, 5113-5115 (Interior's 2018 decision at 10-14, 16, 18-22, 24, 26-28).

In its briefs, Interior also provided specific examples demonstrating that Interior evaluated the Tribe's evidence under the M-Opinion's test. *See*, *e.g.*, Fed. Defs.' Reply in Supp. of Cross-Mot. for Summ. J. (Fed. Defs.' Reply) at 3, ECF No. 37 (collecting citations of the 2018 decision's acknowledgment of the M-Opinion's test); *id*. at 5 (collecting citations of the 2018 decision's application of the M-Opinion's "course of dealings" standard). For example, Interior explained that its conclusion regarding Carlisle school attendance complied with the M-Opinion and highlighted the differences between Plaintiff's evidence and other decisions that relied partially on the provision of educational services. *Id*. at 12-14, 19-21. The agency also summarized its reasoning regarding the census rolls, historic policy reports, deeds, and land records and explained that these conclusions were in keeping with the M-Opinion, administrative precedent, and case law. *Id*. at 12, 15, 16-19, 21-23.

In contrast, Plaintiff's argument that Interior improperly applied the substance of the Solicitor's 2020 Guidance in the agency's 2018 decision is pure speculation. Interior's new four-step procedure for determining whether tribes were

under federal jurisdiction was adopted a year and a half after the Interior's 2018 decision regarding the Tribe. Plaintiff's claim that Interior applied this guidance to the Tribe in 2018 rests on nothing more than bald assertions without basis in the administrative record. *See, e.g.,* Pl.'s Supp. Br. at 7 (alleging that the Deputy Solicitor "hints" at this in his March 5, 2020 Memorandum); *id.* at 15 (alleging that Interior applied the Solicitor's 2020 Guidance *sub silentio*).

Mere allegations are inadequate to satisfy the strong showing necessary to overcome the presumption of administrative good faith and legitimacy. *See United States v. Chem. Found.*, 272 U.S. 1, 14-15 (1926) ("the presumption of regularity supports the official acts of public officers, and in absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties"); *China Trade Center, L.L.C. v. Washington Metro. Area Transit Auth.*, 34 F. Supp. 2d 67, 70-71 (D.D.C. 1999), *aff'd sub nom.* No. 99-7029, 1999 WL 615078 (D.C. Cir. July 2, 1999) ("Government officials are presumed to act in good faith . . . . Plaintiff must present 'well-nigh irrefragable proof' of bad faith or bias on the part of government officials in order to overcome this presumption." (citation omitted)). The Tribe "cannot, by sheer multiplication of innuendo, overcome the strong presumption of agency regularity." *La. Ass'n of Indep. Producers and Royalty Owners v. FERC*, 958 F.2d 1101, 1111 (D.C. Cir. 1992).

## II.   *Grand Ronde* is the controlling precedent.

In *Confederated Tribes of the Grand Ronde Community of Oregon v. Jewell*, the D.C. Circuit upheld Interior's reading of the IRA's "under Federal jurisdiction"

in 1934 requirement and the agency's test set forth in the M-Opinion. 830 F.3d at 564-65. As the Tribe acknowledges, all parties agree that *Confederated Tribes of the Grand Ronde Cmty. of Or.* remains the controlling precedent for this case. Pl.'s Supp. Br. at 15. The Tribe, however, argues that Interior ignored *Grand Ronde* and failed to apply the M-Opinion correctly to its evidence. *Id.* at 15-16.

      This is just a rehash of the Tribe's speculative and unsupported argument that Interior applied the 2020 Guidance to its submissions. *Id.* at 16 (contending that the case should be remanded so that Interior can apply the M-Opinion "without the *sub silentio* application of the 2020 Guidance"); *see also supra* pp. 5-7. Throughout the case, the Tribe has tried to make the M-Opinion into something it is not—seeking to turn the M-Opinion's examples of probative evidence that "may" demonstrate a tribe was under federal jurisdiction into dispositive evidence that *must* demonstrate a tribe was under Federal jurisdiction. *See, e.g.*, Pl.'s Supp. Br. at 15 (arguing that Interior's interpretation of the M-Opinion is "arbitrary, capricious, and contrived"). This is incorrect. Interior has repeatedly explained that as directed by the M-Opinion, the agency undertook a fact-specific examination of the non-dispositive evidence provided by the Tribe, weighed it, and found that it did not establish that the Tribe was under federal jurisdiction in 1934. *See, e.g.*, Fed. Defs.' Reply at 2-10, 13, 16, 19-20. In doing so, Interior neither ignored *Grand Ronde* nor the M-Opinion.

## CONCLUSION

The parties agree that the M-Opinion and *Grand Ronde* continue to apply to Interior's 2018 decision. Interior applied this authority in issuing the 2018 decision finding that the Tribe was not under federal jurisdiction in 1934, and the Tribe should not be permitted to use the post-decisional Solicitor's Guidance to try to discredit the agency's decision.

Respectfully submitted this 18th day of May, 2020.

<u>For Federal Defendants</u>:

PRERAK SHAH
Deputy Assistant Attorney General


<u>/s Sara E. Costello</u>
SARA E. COSTELLO
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Tel: 202-305-0484
Fax: 202-305-0506
Email: sara.costello2@usdoj.gov

OF COUNSEL:
Robert Hitchcock
Attorney-Advisor
Branch of Environment & Lands
Office of the Solicitor, Division of Indian Affairs
U.S. Department of the Interior

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 18, 2020, a copy of the foregoing was filed through the Court's CM/ECF management system and electronically served on counsel of record.

/s Sara E. Costello
Sara E. Costello
Trial Attorney
