# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MASHPEE WAMPANOAG TRIBE,<br><br>        Plaintiff,<br><br>    v.<br><br>DAVID L. BERNHARDT, in his official capacity as Secretary of the Interior, and UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>        Federal Defendants,<br><br>    v.<br><br>DAVID LITTLEFIELD, *et al.*,<br><br>        Intervenor-Defendants. | Case No. 1:18-cv-2242-PLF |

### FEDERAL DEFENDANTS' OPPOSITION TO THE
### UNITED SOUTH AND EASTERN TRIBES SOVEREIGNTY
### PROTECTION FUND'S MOTION TO FILE *AMICUS CURIAE* BRIEF

Federal Defendants respectfully submit this response in opposition to the United South and Eastern Tribes Sovereignty Protection Fund's (USET) motion for leave to file an *amicus curiae* brief in this matter.  Mot. of United South and Eastern Tribes Sovereignty Protection Fund to File *Amicus Curiae* Br. in Supp. of Pl.'s Supp. Br. in Resp. to Ct's May 1, 2020 Order, ECF No. 58.  "Since an *amicus curiae* does not represent the parties but participates only for the benefit of the Court, it is solely within the discretion of the court to determine the fact, extent, and manner of

1

participation by the amicus." *New York v. Microsoft Corp.*, 2002 U.S. Dist. LEXIS 22862 (D.D.C., Nov. 6, 2002). "Courts in this district have granted leave where a movant sought to provide information regarding a significant, unclear legal issue, and denied leave where a movant sought to present arguments and insights that were not relevant to the stage of the litigation." *Hopi Tribe v. Trump*, No. 17-CV-2590 (TSC), 2019 WL 2494161, at *3 (D.D.C. Mar. 20, 2019) (citations omitted); *cf. WildEarth Guardians v. Zinke*, 368 F. Supp. 3d 41, 59 (D.D.C. 2019) (denying motion to file *amicus* brief where it did "not have unique information or perspective that can help the court").

The Court should deny USET's motion because its presents arguments and information that are not relevant to the Complaint and the Tribe's cause of action. USET's brief challenges the Interior Department's withdrawal of Sol. Op. M-37029 and argues that the agency has not presented a reasoned explanation for the change. Br. of USET as *Amicus Curiae* at 3, ECF No. 58-1.  In addition, USET argues that Interior should have engaged in tribal consultation before issuing its updated guidance. *Id*. at 3-4. The Complaint in this case includes one cause of action that alleges that Interior's 2018 decision finding that Plaintiff Mashpee Wampanoag Tribe was not under Federal jurisdiction in 1934 is arbitrary, capricious, and contrary to law because Interior failed either to consider all of the relevant evidence or to consider the Tribe's evidence as a whole. Compl. ¶¶ 61-66, ECF No. 1. The Complaint does not allege that Interior's updated guidance violates the Administrative Procedure Act, 5 U.S.C. § 706(2), and the parties agree that Sol. Op.

M-37029 sets forth the appropriate test for determining whether the Tribe was under federal jurisdiction in 1934. USET's proposed *amicus* brief presents unrelated and new arguments and they are not useful to the Court. Accordingly, Federal Defendants respectfully request that the Court deny USET's motion.

Respectfully submitted this 18th day of May, 2020.

<u>For Federal Defendants</u>:

PRERAK SHAH
Deputy Assistant Attorney General


<u>/s Sara E. Costello</u>
SARA E. COSTELLO
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Tel: 202-305-0484
Fax: 202-305-0506
Email: sara.costello2@usdoj.gov

OF COUNSEL:
Robert Hitchcock
Attorney-Advisor
Branch of Environment & Lands
Office of the Solicitor, Division of Indian Affairs
U.S. Department of the Interior

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 18, 2020, a copy of the foregoing was filed through the Court's CM/ECF management system and electronically served on counsel of record.

/s Sara E. Costello  
Sara E. Costello  
Trial Attorney