UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MASHPEE WAMPANOAG TRIBE, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 18-2242 (PLF) |
| DAVID BERNHARDT, in his official capacity as Secretary of the Interior, et al., | ) | |
| Defendants, | ) | |
| and | ) | |
| DAVID LITTLEFIELD, et al., | ) | |
| Defendant-Intervenors. | ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion [Dkt. No. 58] of the United South and Eastern Tribes Sovereignty Protection Fund for leave to file a brief as amicus curiae in support of the plaintiff's supplemental brief in response to the Court's May 1, 2020 Order. The plaintiff consents to this motion and the federal defendants and the defendant-intervenors oppose.

This Court has "broad discretion" in determining whether to permit a party to participate in a lawsuit as amicus curiae. Commonwealth of the Northern Mariana Islands v. United States, Civil Action No. 08-1572, 2009 WL 596986, at *1 (D.D.C. Mar. 6, 2009) (citing Nat'l Ass'n of Home Builders v. United States Army Corps of Engineers, 519 F.Supp.2d 89, 93 (D.D.C. 2007)); see also United States v. Microsoft Corp., Civil Action No. 98-1232 2002 WL

319366, at *2 (D.D.C. Feb. 28, 2002).  The filing of an amicus brief should be permitted if it will assist the judge "by presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs."  <u>Voices for Choices v. Illinois Bell Telephone Co.</u>, 339 F.3d 542, 545 (7th Cir. 2003).  <u>See</u> also <u>Ryan v. Commodity Futures Trading Commission</u>, 125 F.3d 1062, 1063 (7th Cir. 1997) ("An amicus brief should normally be allowed when . . . the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.").

Upon careful consideration, the Court concludes that the United South and Eastern Tribes Sovereignty Protection Fund will assist the Court in this matter because it includes unique arguments not found in the parties' briefs that relate to the Court's May 1, 2020 Order, and thus, the Court may benefit from its input.  The Court will therefore permit the United South and Eastern Tribes Sovereignty Protection Fund to participate in this matter as <u>amicus curiae</u> by filing its proposed <u>amicus</u> brief.  Accordingly, it is hereby

ORDERED that the United South and Eastern Tribes Sovereignty Protection Fund's motion [Dkt. No. 58] for leave to file a brief as <u>amicus curiae</u> in support of the plaintiff's supplemental brief in response to the Court's May 1, 2020 Order is GRANTED; and it is

FURTHER ORDERED that the Clerk of the Court shall file the United South and Eastern Tribes Sovereignty Protection Fund's <u>amicus</u> brief [Dkt. No. 58-1] on the docket.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE:  May 22, 2020