## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MASHPEE WAMPANOAG TRIBE, <br><br> Plaintiff, <br><br> v. <br><br> DAVID L. BERNHARDT, in his official capacity as Secretary of the Interior, and UNITED STATES DEPARTMENT OF THE INTERIOR, <br><br> Federal Defendants, <br><br> v. <br><br> DAVID LITTLEFIELD, *et al.*, <br><br> Intervenor-Defendants. | Case No. 1:18-cv-2242-PLF |

## FEDERAL DEFENDANTS' RESPONSE TO UNITED SOUTH AND EASTERN TRIBE SOVEREIGNTY PROTECTION FUND'S AMICUS BRIEF

## INTRODUCTION

Withdrawal of Sol. Op. M-37029 (M-Opinion) and issuance of procedures for determining eligibility under the Indian Reorganization Act's (IRA) first definition of "Indian" (Solicitor's Guidance), while relevant to United South and Eastern Tribes Sovereignty Protection Fund (USET SPF) membership and land into trust decisions made after March 10, 2020, is not relevant to Plaintiff Mashpee Wampanoag Tribe's (Tribe) claim in this case.  Despite the lack of relevance, USET SPF's amicus brief focuses entirely on Interior's decision to withdraw the M-Opinion and issue the Solicitor's Guidance.

Contrary to USET SPF's assertions, Interior fully explained the rationale for reexamining the M-Opinion and returning to its long-held understanding of the term "recognition" as used in the IRA.  The fact that Interior has already published five positive land into trust determinations, including an acquisition for USET SPF member Catawba Indian Nation,[1] also belies USET SPF's assertion that Interior has injected uncertainty or increased the burden associated with the fee to trust process.  In fact, the opposite is true—the updated procedure seeks to reduce the burden on tribal applicants and Interior staff.  Finally, withdrawal of the M-Opinion and issuance of the Solicitor's Guidance did not trigger Interior's consultation policy because neither action has "tribal implications" as defined by the policy.

---

[1] https://www.bia.gov/bia/ots/fee-to-trust/fee-to-trust-decisions

## DISCUSSION

I.   **Interior provided a reasonable explanation for withdrawal of the M-Opinion and issuance of the Solicitor's Guidance.**

Each land into trust determination requires Interior to identify authority for the acquisition.  25 C.F.R. § 151.10(a).  Consistent with Federal Defendants' briefing on this issue, Interior applies the standard in place *at the time* the trust-acquisition decision is made to determine whether such authority exists.  *See*, *e.g.*, Fed. Defs.' Supp. Br. in Resp. to the Ct.'s May 1, 2020 Order at 5-6, ECF No. 56.  Only eligibility determinations made after March 10, 2020 rely on the procedures outlined in the Solicitor's Guidance.  Despite the lack of relevance to Interior's 2018 Remand Decision, USET SPF claims Interior did not provide a reasoned explanation for withdrawal of the M-Opinion and issuance of the Solicitor's Guidance.  Interior, however thoroughly explained the reason for the withdrawal and the practical benefits derived from issuing the Solicitor's Guidance.

Agencies are free to change their existing policies so long as they provide a reasoned explanation for the change.  *Encino Motorcars. LLC v. Navarro*, 136 S. Ct. 2117, 2125 (2016).  As USET SPF notes, the *Carcieri v. Salazar*, 555 U.S. 379 (2009), decision brought significant instability to the fee to trust process. USET SPF's Br. at 12, ECF No. 68.  In the more than ten years applying *Carcieri* to fee-to-trust applications, Interior has gained significant experience surrounding the issue.  Despite this experience, concerns persisted "over what evidence can be submitted for the inquiry and how the Department will weigh such evidence."  *Determining Eligibility under the First Definition of "Indian" in Section 19 of the Indian*

*Reorganization Act of 1934*, Memorandum from the Deputy Solicitor for Indian Affairs to the Solicitor at 2 (Mar. 5, 2020) (hereafter Deputy Solicitor's Mem.), ECF No. 56-3. This led to a significant burden on tribal applicants who submit "any and all forms of potentially relevant evidence, in some cases leading to submissions totaling thousands of pages." *Id.* In an effort to reduce this burden on tribal applicants and Interior staff reviewing the applications, Interior began a review of the M-Opinion and how certain types of evidence should be weighed when evaluating land into trust eligibility under the IRA. *Id.* As part of the review, Interior found that the M-Opinion's interpretation of the term recognition "departed, without explanation, from the Department's previous, long-held understanding of that term." *Id.* The Deputy Solicitor's Memorandum provides a legal analysis outlining why the revised construction of the term "recognition" and its relation to under federal jurisdiction "better reflects the ordinary meaning, statutory context, legislative history, and the Department's long-held understanding of the phrase." *Id.* at 31.

In understanding what Congress meant by "recognition" in 1934, Interior was able to articulate with more specificity what evidence is relevant and how much weight will be accorded to certain types of evidence in establishing eligibility under the IRA's first definition of Indian. In doing so, Interior reduced the burden on tribal applicants and Interior staff.

The effort to better define the types of evidence relevant to the under federal jurisdiction analysis and a review of how Congress would have understood the term

"recognition" in 1934 are more than adequate basis for Interior's decision to withdraw the M-Opinion and issue the Solicitor's Guidance.

## II.   Legal analysis and procedures issued by the Solicitor are not subject to consultation.

Interior has issued a Departmental Manual addressing "government-to-government consultation" with Indian Tribes.  Chapter 4 of the policy reiterates that Interior should "consult with tribes on a government-to-government basis whenever DOI plans or actions have tribal implications."  Chapter 5 sets forth the procedures and process that must be followed for consultation with Indian tribes. U.S. Dep't of the Interior, Departmental Manual Pt. 512, Ch. 4, 5.  The Departmental Manual cites Executive Order 13175 as its basis.  *See* Exec. Order No. 13175, 65 Fed. Reg. 67,249 (Nov. 6, 2000).  Executive Order 13175, states that policies having "tribal implications" refers to:

> regulations, legislative comments or proposed legislation, and other policy statements or actions that have substantial direct effects on one or more Indian tribes, on the relationship between the Federal Government and Indian tribes, or on the distribution of power and responsibilities between the Federal Government and Indian tribes.

*Id*. § 1(a).  Neither Executive Order 13175 nor Interior's policy require consultation when adopting a legal opinion or legal procedures for attorneys within Interior. Neither withdrawal of the M-Opinion nor issuance of procedures for attorneys in the Solicitor's Office to follow when evaluating IRA land into trust eligibility constitute an action with tribal implications under Interior's consultation policy.

We also note that Executive Order 13175 does not provide any judicially enforceable right.

4

**Sec. 10.** *Judicial Review.* This order is intended only to improve the internal management of the executive branch, and is not intended to create any right, benefit, or trust responsibility, substantive or procedural, enforceable at law by a party against the United States, its agencies, or any person.

## CONCLUSION

While withdrawal of the M-Opinion and issuance of the Solicitor's Guidance, reflect Interior's continuing effort to implement the IRA consistent with the statute's plain language, legislative history and *Carcieri*, neither are relevant to the Tribe's claims which are based on Interior's application of the M-Opinion.

Respectfully submitted this 2nd day of June, 2020.

For Federal Defendants:

PRERAK SHAH
Deputy Assistant Attorney General

/s Sara E. Costello
SARA E. COSTELLO
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Tel: 202-305-0484
Fax: 202-305-0506
Email: sara.costello2@usdoj.gov

OF COUNSEL:
Robert Hitchcock
Attorney-Advisor
Branch of Environment & Lands
Office of the Solicitor, Division of Indian Affairs
U.S. Department of the Interior